UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------x

DARRELL CLARK,

                     Petitioner,

        -against-

HAROLD MCKINNEY, Superintendent
Mt. McGregor Correctional Facility,

                     Respondent.

----------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 1 0 2006 ★

**BROOKLYN OFFICE**

**ORDER**
05-CV-5585 (JG)

JOHN GLEESON, United States District Judge:

        On November 22, 2005, petitioner filed the instant petition *pro se* for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254, challenging a 2000 Queens County conviction. Petitioner's

request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons set

forth below, petitioner is directed to show cause by affirmation why the petition should not be

dismissed as time-barred, within 60 days of this order.

        The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act")

provides in relevant part that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court. The
> limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion
> > of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created
> > by State action in violation of the Constitution or laws of the United
> > States is removed, if the applicant was prevented from filing by such
> > state action;
> >
> > (C) the date on which the constitutional right asserted was initially
> > recognized by the Supreme Court and made retroactively applicable

to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); see Lindh v. Murphy, 521 U.S.320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act.").

Petitioner's instant application for habeas corpus relief pursuant to 28 U.S.C. § 2254 may be time-barred under the Act. Petitioner alleges that he was convicted on December 13, 2000. Petition at 1, ¶ 2. The Appellate Division, Second Department, affirmed the conviction on October 15, 2002. People v. Clark, 298 A.D.2d 461, 748 N.Y.S.2d 272 (2d Dept. 2002). On December 31, 2002, the New York State Court of Appeals denied petitioner leave to appeal. People v. Clark, 99 N.Y.2d 556 (2002). A petitioner's judgment of conviction becomes final 90 days from the date the New York State Court of Appeals denies leave to appeal. See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001). Therefore, petitioner's conviction became final on or about March 31, 2003.

Petitioner alleges that he filed a motion pursuant to N.Y. Crim. Pro. Law 440.10 ("440"), which was denied on March 30, 2005. Petition at 3- 4, ¶ 11 (a)(6). However, petitioner fails to state the date that he filed that motion. Petitioner is advised that filing a post-conviction motion does not start the one-year statute of limitations period to run anew. 28 U.S.C. § 2244(d)(2). Rather, the tolling provision under § 2244(d)(2) applies only if petitioner's post-conviction motions were pending within the one-year limitations period and merely excludes the time the motions were under submission. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam).

Furthermore, the statute of limitations period may be equitably tolled if petitioner can

demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at 17, (citing Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)), and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id. (citing Johnson, 86 F.3d at 12); see also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (confiscation of legal papers is sufficient to establish potential basis for equitable tolling).

Petitioner is hereby directed to show cause by affirmation, within 60 days from the date of this order, why the statute of limitations should not bar the instant petition.[1] Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000) (petitioner is entitled to notice and an opportunity to be heard before the Court dismisses a petition as time-barred). No response shall be required at this time and all further proceedings shall be stayed for 60 days for petitioner to comply with this order. Petitioner's affirmation shall include the date that he filed the 440 motion. Should petitioner have a basis to ask the Court to equitably toll the statute of limitations, he shall present the facts to the Court in his affirmation. If petitioner fails to comply with this order within the time allowed, the instant petition shall be dismissed as time-barred.

SO ORDERED.

s/John Gleeson

JOHN GLEESON
United States District Judge

Dated: Brooklyn, New York
December 21, 2005

---

[1] An affirmation form is attached to this order for petitioner's convenience.

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

DARRELL CLARK,

                  Petitioner,

        -against-

HAROLD MCKINNEY, Superintendent
Mt. McGregor Correctional Facility,

                Respondent.
--------------------------------------------------------x

**PETITIONER'S AFFIRMATION**

05-CV-5585 (JG)

STATE OF _____ }
COUNTY OF _____ } SS:

      DARRELL CLARK, makes the following affirmation under the penalties of perjury:

      I am the petitioner in this action and I respectfully submit this affirmation in response to the

Court's order dated _____. The instant petition should not be time-barred by the one-year

statute of limitations because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]**

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature

_____
Address

_____

_____
City, State & Zip